UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
*****************************
Susan B. Repeta,              *
        Plaintiff             *
                              *
v.                            *
                              *
Genesys Cloud Services, Inc., *
        Defendant             *
*****************************
```

# COMPLAINT
## Jury Trial Requested

NOW COMES the plaintiff Susan B. Repeta, by and through her attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Complaint, stating as follows:

**I.      Parties**

1.      The plaintiff Susan B. Repeta is a former employee of the defendant Genesys Cloud Services, Inc.  She resides at 7 Darrow Way, Londonderry, New Hampshire.

2.      The defendant Genesys Cloud Services, Inc. ("Genesys") is a California corporation with a principal place of business located at 1302 El Camino Real, Suite 300, Menlo Park, California.

**II.     Jurisdiction and Venue**

3.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.  The Court may exercise supplemental jurisdiction over the plaintiff's State law claim.  The Court has personal jurisdiction over the defendant because a demonstrable nexus exists between the plaintiff's claims and the defendant's act of employing her in New Hampshire.

4.      Venue is proper because the acts and omissions giving rise to this action occurred within this judicial district.

1

### III.      Facts

5.      Plaintiff Susan Repeta became employed by Defendant Genesys effective June 13, 2022, as a Senior Contract Manager and Legal Operations Associate.  Ms. Repeta performed her employment duties for the defendant from her home in Londonderry, New Hampshire.  Ms. Repeta entered an agreement with the defendant specifying that her employment was at-will and containing other terms relating to her employment.  The agreement specified that it "will be governed by the internal laws of the State of my first primary work location for the Company."  New Hampshire law therefore governs Ms. Repeta's employment relationship with the defendant.

6.      Ms. Repeta received an offer letter from Genesys for the employment position on or about May 17, 2022.  At the time, Ms. Repeta disclosed her pregnancy to the recruiter who had connected her with the employment opportunity, advising him that she was expecting in late October or early November.  Ms. Repeta asked the recruiter whether she would be eligible for maternity leave.  She received an email from the defendant's benefits department advising that she would be able to exercise maternity leave.

7.      Days before Ms. Repeta's June 13, 2022, start date, she discussed her pregnancy with Genesys' Hiring Manager, Jaime Borja-Lascuin.  Mr. Borja-Lascuin assured Ms. Repeta that her pregnancy would present no problem for her employment.

8.      On or about Ms. Repeta's first day of employment with Genesys, the defendant's Director of Global Legal Operations, Jason Klavon, contacted her to inform her that Mr. Borja-Lascuin was no longer employed by the defendant.  Mr. Klavon informed Ms. Repeta that she would now report to Senior Corporate Counsel Monica Villegas.  Ms. Repeta mentioned her pregnancy to Mr. Klavon.  He revealed to Ms. Repeta that he had not known about it.  Mr. Klavon

asked Ms. Repeta whether she intended to take maternity leave. She replied that she would need such leave.

9. Ms. Repeta was qualified for her position and performed her job responsibilities well. The defendant recognized Ms. Repeta's qualifications by giving her the responsibility to train employees. Her supervisor, Attorney Villegas, commented that she fully trusted Ms. Repeta's judgment.

10. On or about August 30, 2022, Genesys emailed Ms. Repeta explaining the benefits available to her relative to her need for maternity leave under the defendant's disability plan and the defendant's Paid Parental Leave policy. Exhibit A.

11. Ms. Repeta sensed her supervisor taking a hostile attitude towards her by the end of September, however, based on Ms. Repeta's imminent need for maternity leave. At this time, Ms. Repeta sought to discuss with Attorney Villegas a plan for her transition back into active employment when her maternity leave ended. Attorney Villegas responded by telling Ms. Repeta that she was not entitled to "special treatment." Attorney Villegas told Ms. Repeta that she would have to work deals while she was out on leave and while she transitioned back into active employment.

12. Ms. Repeta submitted a request to Genesys for paid parental leave on or about October 2, 2022. Exhibit B.

13. Genesys approved Ms. Repeta's request for paid parental leave on or about October 3, 2022. Id.

14. On or about October 11, 2022, Genesys notified Ms. Repeta that it was terminating her employment pursuant to a reduction in force. As justification for the purported reduction in

force, the defendant advised that it had decided to "focus its resources and innovation on a single platform" rather than on the two (2) platforms the defendant had maintained. Exhibit C.

15. Genesys' justification for its purported reduction in force does not explain why it selected Ms. Repeta for inclusion. Ms. Repeta's employment responsibilities involved the platform upon which the defendant announced it had decided to focus.

16. Genesys terminated Ms. Repeta's employment effective October 14, 2022.

17. Genesys improperly included Ms. Repeta in the purported reduction in force as a pretext to hide its real motives for terminating her employment—pregnancy discrimination and an intent to prevent her from exercising her short-term disability and parental leave benefits.

18. Ms. Repeta filed a Charge of Discrimination with the New Hampshire Commission for Human Rights on or about December 7, 2022. Exhibit D. The Charge was dually filed with the United States Equal Employment Opportunity Commission.

19. Ms. Repeta notified the New Hampshire Commission for Human Rights of her intent to pursue a civil action by letter dated May 28, 2024. The Human Rights Commission subsequently closed its case.

20. Ms. Repeta requested a Notice of Right to Sue from the United States Equal Employment Opportunity Commission and received such Notice on June 3, 2024. Exhibit E. This lawsuit is filed within 90 days of Mr. Repeta's receipt of the Notice of Right to Sue, as required.

## COUNT I

### (ERISA Interference in Violation of 29 U.S.C. §1140)

21. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

22. Ms. Repeta was qualified for the protections of ERISA as an employee qualifying for the employment benefits of paid parental leave and short term disability.

23. Ms. Repeta was qualified for her employment position.

24. The defendant discharged Ms. Repeta under circumstances that give rise to an inference of discrimination, where, among other things, the defendant notified her of her termination only nine (9) days after she applied for the paid parental leave benefit, supposedly pursuant to a reduction in force, the justification for which did not apply to Ms. Repeta's circumstances.

25. As a direct and proximate result of the defendant's termination of Ms. Repeta in violation of 29 U.S.C. §1140, Ms. Repeta is entitled to back pay, front pay and reasonable attorney's fees and costs.

## COUNT II

**(Violation of Pregnancy Discrimination Act)**

26. The allegations of the preceding paragraphs are incorporated herein by reference.

27. On or about October 11, 2022, Ms. Repeta was pregnant and had announced her intention to exercise the benefits available to her under the defendant's Paid Parental Leave policy.

28. Ms. Repeta was qualified for her employment position.

29. The defendant notified Ms. Repeta of her termination on or about October 11, 2022, supposedly pursuant to a reduction in force, the justification for which did not apply to Ms. Repeta's circumstances.

30. The defendant's act of including Ms. Repeta in the reduction in force constituted a pretext for pregnancy discrimination.

31. The defendant continued to have Ms. Repeta's duties performed by a comparably qualified person in the defendant's organization, after the defendant terminated Ms. Repeta.

32. As a direct and proximate result of the defendant's pregnancy discrimination, Ms. Repeta has suffered and continues to suffer damages, including but not limited to lost wages, lost employment benefits, lost earning capacity, emotional distress, humiliation, inconvenience and loss of enjoyment of life, plus reasonable attorney's fees and costs.

33. Ms. Repeta is further entitled to punitive damages based on the defendant's malice and reckless indifference to her federally protected rights.

## COUNT III

### (Violation of RSA 354-A:7)

34. The allegations of the preceding paragraphs are incorporated herein by reference.

35. On or about October 11, 2022, Ms. Repeta was pregnant and had announced her intention to exercise the benefits available to her under the defendant's Paid Parental Leave policy.

36. Ms. Repeta was qualified for her employment position.

37. The defendant notified Ms. Repeta of her termination on or about October 11, 2022, supposedly pursuant to a reduction in force, the justification for which did not apply to Ms. Repeta's circumstances.

38. The defendant's act of including Ms. Repeta in the reduction in force constituted a pretext for pregnancy discrimination.

39. The defendant continued to have Ms. Repeta's duties performed by a comparably qualified person in the defendant's organization, after the defendant terminated Ms. Repeta.

40. As a direct and proximate result of the defendant's pregnancy discrimination, Ms. Repeta has suffered and continues to suffer damages, including but not limited to lost wages, lost

employment benefits, lost earning capacity, emotional distress, humiliation, inconvenience and loss of enjoyment of life, plus reasonable attorney's fees and costs.

41. Ms. Repeta is further entitled to enhanced compensatory damages based on the defendant's willful or reckless disregard of her rights under RSA 354-A.

WHEREFORE, the plaintiff respectfully prays this Honorable Court:

A. Schedule this matter for trial by jury, and after trial;

B. Find the defendant liable for violation of 29 U.S.C. §1140;

C. Find the defendant liable for violation of the Pregnancy Discrimination Act;

D. Find the defendant liable for violation of RSA 354-A:7;

E. Award the plaintiff damages for lost wages, lost employment benefits and lost earning capacity;

F. Award the plaintiff damages for emotional distress, humiliation, inconvenience and loss of enjoyment of life;

G. Award the plaintiff punitive damages;

H. Award the plaintiff enhanced compensatory damages;

I. Award the plaintiff attorney's fees and costs; and

J. Grant such other and further relief as is just and equitable.

                Respectfully submitted,
                SUSAN B. REPETA
                By her attorneys,
                DOUGLAS, LEONARD & GARVEY, P.C.

Date: August 27, 2024       By:   /s/ Benjamin T. King
                                          Benjamin T. King, NH Bar #12888
                                          14 South Street, Suite 5
                                          Concord, NH 03301
                                          (603) 224-1988
                                          benjamin@nhlawoffice.com